UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                              :
In re                                         :     Chapter 11
                                              :
AIOC CORPORATION and                          :     Case Nos. 96 B 41895
AIOC RESOURCES AG,                            :     96 B 41896 (TLB)
                                              :
                    Debtors.                  :     (Jointly Administered)
                                              :
                                              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**STIPULATION AND ORDER BETWEEN DEBTORS AND
ALEXANDER KRASNER RELATING TO
TOLLING OF STATUTE OF LIMITATIONS AND RELATED MATTERS**

        IT IS HEREBY STIPULATED AND AGREED, subject to Bankruptcy Court approval and is otherwise set forth herein, by and between AIOC Corporation ("Corp."), AIOC Resources AG ("Resources" and, collectively with Corp., the "Debtors") and Edward G. Moran (the "Chapter 11 Trustee") on the one hand, and, on the other hand, Alexander Krasner (the "Potential Avoidance Defendant") in each case by and through their respective attorneys, as follows:

        1.      Involuntary petitions for relief under chapter 11 of the Bankruptcy Code were filed against the Debtors on April 11, 1996. An order providing for the joint administration of the Debtors' cases was entered on April 12, 1996. Orders for relief were entered on consent of the Debtors on April 23, 1996.

        2.      The Debtors assert that one or both of the Debtors has or may have claims against the Potential Avoidance Defendant pursuant to sections 544, 547, 548,

549, 550 and 553 of the Bankruptcy Code for the avoidance and/or recovery of certain pre-petition transfers allegedly made by one or both of the Debtors to or for the benefit of the Potential Avoidance Defendant.  The Potential Avoidance Defendant does not admit or concede the validity of any such possible assertion and, without prejudice to the Trustee or the Debtors, asserts that no sum of money is due to them and there are claims he has against them.

3. The Debtors and the Potential Avoidance Defendant believe that it is in their mutual best interests for each to modify, as hereafter agreed, its right to assert any applicable statute of limitations or laches as a defense to any claim, action or other proceeding brought by a party hereto relating to or arising out of any matter referred to in paragraph 2 above.

4. Prior to the giving by either party of the notice provided in paragraph 5, no party hereto shall commence against any other a claim, action or proceeding relating to or arising out of any matter referred to in paragraph 2 above.  Nothing herein, however, shall prevent or bar the Potential Avoidance Defendant from filing or amending a proof of claim in these cases.

5. The running of any applicable limitations period (including, without limitation , the time period set forth in section 546(a) of the Bankruptcy Code, and any applicable statute of limitations), with respect to each claim, action or proceeding brought by a party hereto against any other party hereto relating to or arising out of any matter referred to in paragraph 2 above, is and shall be deemed tolled as of April 10, 1998 (the "Tolling Date") and also any defense based in whole or in part on the passage of time, including the defense of laches, shall not be based upon the passage of time from the Tolling Date, until (in either case) 14 days after receipt by a party hereto and the party's counsel of written notice, by certified

mail, that a party hereto is withdrawing from this Stipulation and Order.

6. To the extent any applicable limitations period, or defense based in whole or in part on the passage of time, would have provided a defense to any party hereto as against any such claim, action or proceeding prior to the Tolling Date, if at all, such defense may be asserted and is not affected or barred by this Stipulation and Order.

7. It is the intent of the parties that this Stipulation and Order and the tolling contemplated hereby shall not impair, diminish, or eliminate any jurisdiction of the Bankruptcy Court, to the extent that it has such jurisdiction as of the Tolling Date, to adjudicate any claim, action or proceeding relating to or arising out of any matter referred to in paragraph 2 above. In particular, the parties understand, and the Bankruptcy court by approving this Stipulation finds and determines, that section 546(a) of the Bankruptcy Code constitutes a true statute of limitations which may be tolled by agreement of the parties. The parties nevertheless recognize that there exists <u>dicta</u> in certain cases that indicate that some courts (which have considered section 546(a) of the Bankruptcy Code to impose a temporal limit on the jurisdiction of the Bankruptcy Court) might hold that section 546(a) cannot be tolled by agreement. In the event that it is determined by final and non-applicable order of a court of competent jurisdiction that (i) the time limitations described in section 546(a) cannot be effectively tolled by this agreement, and (ii) the Bankruptcy Court therefore cannot adjudicate any such claim, action or proceeding, then the Potential Avoidance Defendant hereby agrees (as a new and separate obligation and in consideration of the forbearance provided for hereby) to pay to each Debtor that amount, if any, which the Bankruptcy Court by final order determines would have been the ultimate net liability, if any, of the Potential Avoidance Defendant to such Debtor on any such claim, action or proceeding as if an

adversary proceeding on such claim has been commenced in Bankruptcy Court on the Tolling Date, but giving full effect to any and all other defenses or counterclaims of any kind or nature that the Potential Avoidance Defendant could assert in such adversary proceeding other than defenses based on the passage of time after the Tolling Date.  In the event that the Bankruptcy Court is not competent to make such determination, such determination will be made by binding arbitration in London, England in accordance with the commercial arbitration rules of the American Arbitration Association, and the Debtors and the Potential Avoidance Defendant hereby irrevocably submit to such binding arbitration (but only in the event that the Bankruptcy Court is not competent to make such determination as described above) and to entry of judgment upon the arbitration award if any court of competent jurisdiction.

8. All notices under this Stipulation and Order shall be provided as follows:

<u>As to the Debtors:</u>
Edward G. Moran, Trustee
380 Madison Avenue
17th Floor
New York, NY 10017
(212) 697-3515 (Phone)
(212) 986-1530 (Fax)

Michael N. Gottfried, Esq.
Milbank, Tweed, Hadley & McCloy
1 Chase Manhattan Plaza
New York NY 10005
(212) 530-5567 (Phone)
(212) 530-5219 (Fax)

<u>As to the Potential Avoidance Defendant:</u>
Robert E. Juceam, Esq.
Fried, Frank, Harris, Shriver & Jacobson
One New York Plaza
New York, NY 10004
(212) 859-8040 (Phone)

(212) 859-4000 (Fax)

9. This Stipulation and Order shall be governed by and construed and enforced in accordance with the laws of the State of New York without regard to its conflicts of law principles.

10. The parties irrevocably consent to the exclusive jurisdiction of the Bankruptcy Court with respect to any dispute concerning the interpretation and implementation of this Stipulation and Order so long as such court retains jurisdiction in these proceedings.  Nothing herein, however, shall limit the jurisdiction and authority of arbitrators under paragraph 7 from interpreting and enforcing it terms.

11. This Stipulation and Order is intended to, and shall, be binding upon and inure to the benefit of the Debtors, those in privity with the Debtors, the Official Committee of Unsecured Creditors and the individual members thereof, the Potential Avoidance Defendant, and their respective successors and assigns, including, without limitation, any successor trustee appointed in the Debtors' chapter 11 cases or any subsequently converted case under chapter 7 of the Bankruptcy Code.

Dated: New York, New York
    April 10, 1998

> AIOC CORPORATION and
> AIOC RESOURCES AG
> /s/ Edward G. Moran
>     Edward G. Moran, Trustee
>     101 Park Avenue, Suite 2503
>     New York, New York 10178
>
> MILBANK, TWEED, HADLEY & McCLOY
> By: /s/ David C.L. Frauman
>     David C.L. Frauman
>     1 Chase Manhattan Plaza
>     New York, NY 10005
>
> FRIED, FRANK, HARRIS,
> SHRIVER & JACOBSON
> By: /s/ Robert E. Juceam
>     Robert E. Juceam, Esq.
>     One New York Plaza
>     New York, NY 10004

IT IS SO ORDERED this
21st day of April, 1998

/s/ Tina L. Brozman
UNITED STATES BANKRUPTCY JUDGE