UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------ x
                                  :
In re                               :         Chapter 11
                                  :
AIOC CORPORATION and        :         Case Nos. 96 B 41895
AIOC RESOURCES AG,           :         96 B 41896 (TLB)
                                  :
                Debtors.             :         (Jointly Administered)
                                  :
                                  :
------------------------------ x

## **AMENDED STIPULATION AND ORDER COMPROMISING AND SETTLING CLAIMS OF THE DEBTORS AGAINST ALEXANDER KRASNER**

This amended stipulation of settlement, dated February __, 1999 (the "Settlement"), is entered into pursuant to sections 105(a) and 363 of chapter 11, title 11 of the United States Code (the "Bankruptcy Code") and Rules 6004 and 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") by and between Edward G. Moran, the duly appointed and qualified chapter 11 trustee in these cases (the "Chapter 11 Trustee"), on behalf of AIOC Resources AG ("Resources") and AIOC Corporation ("Corp." and, collectively with Resources, the "Debtors"), on the one hand, and Alexander Krasner, on the other hand.

## **RECITALS**

WHEREAS, prior to the commencement of the above-captioned bankruptcy cases, the Debtors were each engaged in, among other things, the purchase and sale of metals; and

WHEREAS, involuntary petitions for relief under chapter 11 of the Bankruptcy Code were filed against the Debtors on April 11, 1996; and

WHEREAS, orders for relief were entered on consent of the Debtors on April 23, 1996; and

WHEREAS, on or about August 13, 1996, an involuntary insolvency proceeding for Resources was commenced in Switzerland (the "Swiss Proceeding") and is pending before the Bankruptcy Office of the Canton of Zug (the "Swiss Bankruptcy Office"); and

WHEREAS, this Court entered an order dated September 17, 1996 approving the appointment of Edward G. Moran as chapter 11 trustee for the Debtors; and

WHEREAS, since his appointment, the Chapter 11 Trustee has attempted to marshal and liquidate the assets of the Debtors' estates for the benefit of creditors; and

WHEREAS, the Chapter 11 Trustee has conferred routinely with a representative of the Swiss Bankruptcy Office in an effort to harmonize the procedures for administering the Resources estate for the benefit of creditors of Resources wherever located; and

WHEREAS, prior to the commencement of these cases, Mr. Krasner served (a) as a director of both Debtors and many of their respective subsidiaries (collectively, the "Group Companies"), and (b) as an employee and managing director of AIOC Corp. Limited ("Corp. Limited"), a subsidiary of AIOC Corporation which is in liquidation in proceedings pending in the United Kingdom; and

WHEREAS, prior to the commencement of these cases, Mr. Krasner owned 20% percent of the common stock of CCI Group Holdings, Inc. ("CCI"), the indirect parent of each of the Debtors; and

WHEREAS, as a result of his ownership interest in CCI, Mr. Krasner had owned indirectly approximately 18.52% of the shares of Corp.; and

WHEREAS, on or before February 1, 1996, Mr. Krasner tendered his resignation as employee and managing director of Corp. Limited and as a Director of each of the Debtors; and

WHEREAS, at the time of his resignation, the Chapter 11 Trustee asserts that Mr. Krasner had obligations outstanding to Corp. in an amount of at least $380,000.00 (the "Krasner Indebtedness"); and

WHEREAS, on or about February 13, 1996, Mr. Krasner, CCI and Corp. executed agreements pursuant to which Mr. Krasner sold his interest in CCI to CCI for the price of $620,000 (the "Share Sale Agreement");

WHEREAS, immediately after signing the Share Sale Agreement and as a condition of the Share Sale Agreement, Mr. Krasner, CCI and Corp. entered into an agreement (the "Severance Agreement"), inter alia, Mr. Krasner resigned as a director of the Group Companies and waived all claims against Corp. and the Group Companies in exchange for the recognition by Corp. of an obligation owing to Mr. Krasner in the amount of $380,000.00 (the "Severance Obligation") and the waiver by Corp. and the Group Companies of any and all claims against Mr. Krasner; and

3

WHEREAS, pursuant to the terms of the Severance Agreement, Corp. was authorized to setoff the Severance Obligation against the Krasner Indebtedness; and

WHEREAS, on or about February 20, 1996, Mr. Krasner received $120,000 of the funds due to be paid under the Share Sale Agreement; and

WHEREAS, Mr. Krasner has informed the Chapter 11 Trustee that, as of the date of this Settlement, Mr. Krasner had not received the remaining balance due to be paid under the Share Sale Agreement; and

WHEREAS, the Chapter 11 Trustee conducted a review of the Debtors' books and records (including, but not limited to the Share Sale Agreement and the Severance Agreement) and determined that the Severance Obligation may be subject to avoidance, in whole or in substantial part, pursuant to 11 U.S.C. §548(a)(2); and

WHEREAS, Mr. Krasner disputes the Chapter 11 Trustee's determination regarding the Severance Obligation and asserts (i) that no sum of money is due to the Debtors, and (ii) that there are claims that he has against the Debtors (although Mr. Krasner has not filed a formal proof of claim); and

WHEREAS, the Chapter 11 Trustee, as part of his investigation of the acts, conduct, assets, liabilities, and financial conditions of the Debtors, has investigated the Debtors' business and other relationships and dealings with Mr. Krasner, and has determined that the terms and conditions of the Settlement are reasonable, fair and equitable and that entering into the Settlement is in the best interests of the Debtors' estates and their creditors; and

WHEREAS, after good faith, arms-length negotiations, and without collusion,

the parties hereto have agreed to settle any dispute between them on the terms set forth herein; and

WHEREAS, the Swiss Bankruptcy Office has indicated its support of the Settlement provided that interested parties in Switzerland are afforded the opportunity to object to its decision in accordance with the procedures more fully described herein.

NOW THEREFORE, IN CONSIDERATION OF THE MUTUAL PROMISES AND AGREEMENTS SET FORTH HEREIN, IT IS HEREBY STIPULATED AND AGREED THAT THE FOREGOING RECITALS ARE INCORPORATED IN THIS SETTLEMENT BY REFERENCE AND MADE PART OF THIS SETTLEMENT AND THAT:

1. In consideration of the mutual obligations set forth herein and other good and valuable consideration otherwise given in connection with this Settlement, the Chapter 11 Trustee on his own behalf and on behalf of the Debtors' estates, and the Swiss Bankruptcy Office, and their respective successors and assigns, hereby releases, acquits, disclaims and forever discharges, and covenants never to sue on, any and all direct or indirect claims, demands, causes of action, controversies, agreements, promises, damages, suits, liabilities, obligations, defenses, or remedies of whatever kind or nature that they or any other person or entity have or may have of any nature whatsoever, whether at law or in equity whether now known or unknown, from the beginning of time up to and including the date of execution of this Settlement, against Mr. Krasner, his successors and assigns, arising out of, resulting from, or in any way relating to Mr. Krasner, the Debtors and their respective

5

subsidiaries and affiliates, including, without limitation, Corp. Limited and Resources (as it pertains to the Swiss Proceeding), and any and all claims that they may have against Mr. Krasner shall be deemed satisfied in full.

2. In consideration of the mutual obligations set forth herein and other good and valuable consideration otherwise given in connection with this Settlement, Mr. Krasner hereby releases, acquits, disclaims and forever discharges, and covenants never to sue on, any and all direct or indirect claims, demands, causes of action, controversies, agreements, promises, damages, suits, liabilities, obligations, defenses or remedies of whatever kind or nature that he has or may have of any nature whatsoever, whether at law or in equity, whether now known or unknown, from the beginning of time up to and including the date of this Settlement against the Chapter 11 Trustee, the Swiss Bankruptcy Office, the Debtors' estates and their respective successors and assigns, and arising out of, resulting from or in any way relating to the Debtors' estates including, without limitation, any right to receive further distribution in the Debtors' cases or the Swiss Proceeding.

3. On or before April 5, 1999, Mr. Krasner shall and hereby is directed to transfer $122,500.00 to a non-segregated Corp. bank account in accordance with instructions to be provided by the Chapter 11 Trustee.

4. On or before the one hundred and twentieth day after the Effective Date (as defined below), Mr. Krasner shall and hereby is directed to transfer an additional $122,500.00 to a non-segregated Corp. bank account in accordance with instructions to be

provided by the Chapter 11 Trustee.

5. This Settlement is subject to (i) entry of a Final Order (as defined below) of the Bankruptcy Court approving this Settlement, and (ii) Final Approval (as defined below) of this Settlement in the Swiss proceeding. For the purposes of this Settlement, "Final Order" shall mean an order of the Bankruptcy Court which has not been reversed, stayed, modified or amended, and as to which no appeal or petition for review, rehearing or certiorari has been timely filed or is pending and as to which the time to appeal or to seek review, rehearing, reconsideration or certiorari has expired. For purposes of this Settlement, "Final Approval" shall mean final, unreviewable approval of the Settlement, under Swiss Law, in the Swiss Proceeding.

6. Within five business days of the entry of an order by the Bankruptcy Court of this Settlement, the Chapter 11 Trustee shall submit the Settlement and any other necessary documents to the Swiss Bankruptcy Office. With respect to the submission contemplated by this section, the Chapter 11 Trustee and Mr. Krasner agree and acknowledge that the submission contemplated by this section shall be made for the sole purpose of obtaining approval from the Swiss Bankruptcy Office of the Chapter 11 Trustee's entry into and performance under this Settlement and that the Chapter 11 Trustee is not acting for or on behalf of Mr. Krasner, as his agent or otherwise, by making such submission. As such, Mr. Krasner agrees not to assert any claim against the Chapter 11 Trustee solely in connection with any reasonable acts taken by the Chapter 11 Trustee in connection with making such submission.

7. This Settlement is conditioned upon and shall not become effective unless and until the Final order and the Final Approval, as provided for in paragraph 5 above, have been obtained. For the purposes of this Settlement, "Effective Date" shall mean the date upon which Mr. Krasner receives actual notice from the Chapter 11 Trustee that states (with appropriate written or documentary proof submitted therewith) that these conditions to the effectiveness of this Settlement have been fully satisfied.

8. This Settlement shall be null and void and of no force and effect if the Effective Date does not occur on or prior to December 31, 1999.

9. If this Settlement does not become effective: (i) Mr. Krasner shall not be deemed to have waived any right nor to have settled any controversy between him and the Debtors that existed prior to the execution of the Settlement, (ii) Mr. Krasner and the Chapter 11 Trustee shall be restored to their respective positions immediately prior to execution of this Settlement, (iii) neither this Settlement nor any exhibit, document or instrument delivered hereunder, nor any statement, transaction or proceeding in connection with the negotiation, execution or implementation of this Settlement shall be with prejudice to any person or party herein, shall be deemed to be or construed as an admission by any party herein of any act, matter, proposition or merit or lack of merit of any claim or defense, or shall be referred to or used in any manner or for any purpose in any subsequent proceeding in this action, or in any other action in any court or in any other proceeding, (iv) all negotiations, proceedings and statements made in connection with the negotiation of this Settlement shall be without prejudice to any person or party herein, shall not be deemed as or construed to be an admission

by any party herein of any act, matter, proposition or merit or lack of merit of any claim or defense, and shall not be offered in evidence in this or any other action or proceeding, except in connection with this Settlement or the enforcement thereof, (v) the fact that Mr. Krasner has entered into negotiations, has executed documents and may have participated in proceedings in the Bankruptcy Court relating to this Settlement contemplating the Chapter 11 Trustee's submission of the Settlement and other documents to the Swiss Bankruptcy Office shall not constitute a submission to the general or limited jurisdiction of Switzerland, the Swiss Bankruptcy Office, or any other court or tribunal of Switzerland, or a waiver of any of Mr. Krasner's rights (which are expressly reserved), including but not limited to, his right to claims that no court in Switzerland, including the Swiss Bankruptcy Office, has jurisdiction over Mr. Krasner in this matter, and (vi) the Chapter 11 Trustee, the Debtors and the Swiss Bankruptcy Office shall not be deemed to have waived any right nor to have settled any controversy between them and Mr. Krasner (including, but not limited to, the Swiss Bankruptcy Office's assertion of jurisdiction over Mr. Krasner because Switzerland is Resource's corporate domicile and Mr. Krasner is a former manager and director of Resources).

10. The Chapter 11 Trustee acknowledges that the consideration being provided by Mr. Krasner under the Settlement (including, but not limited to, the cash contribution and waiver of any claims for indemnification) is a significant contribution to the Debtors' estates which will enable the Chapter 11 Trustee to either (i) fund a plan of reorganization or (ii) provide for a distribution to the Debtors' creditors. Accordingly, any creditor receiving a distribution from the Debtors' estates, either pursuant to a plan of

9

reorganization or otherwise, will be deemed to have waived and released Mr. Krasner from any and all direct or indirect claims and liability arising from his capacity as a partner, shareholder, officer, director, or employee, as the case may be, of the Debtors and their respective subsidiaries and affiliates, including, without limitation, Corp. Limited and Resources (as it pertains to the Swiss Proceeding) and any and all direct or indirect claims, obligations, rights, causes of action and liabilities which any person or entity may be entitled to asset, whether known or unknown, foreseen or unforeseen, existing or hereafter arising, based in whole or in part upon any act or omission, transaction or other occurrence in any way relating to Mr. Krasner, the Debtors, and their respective subsidiaries and affiliates, including, without limitation, Corp. Limited and Resources (as it pertains to the Swiss Proceeding). Notwithstanding any provision to the contrary contained herein or in any other agreement or pleading between any of the parties to this Settlement, it is understood and agreed that (x) the Trustee shall incorporate and embody the third-party releases contemplated by this paragraph into any future Chapter 11 plan of reorganization that the Trustee files for any of the Debtors, (y) the third-party releases provided for in this paragraph shall be effective only upon the entry of a subsequent order of the Bankruptcy Court confirming such a plan of reorganization, and (z) nothing contained in this paragraph or any order approving or related to this Settlement shall prevent the Bankruptcy Court or a court in Switzerland from refusing to approve the third-party releases contained in this paragraph, if the relief sought would be manifestly contrary to public policy of the United States or Switzerland, respectively.

11. This Settlement may be executed in any number of counterparts, each of

which will be deemed an original, but all of which together will constitute one and the same instrument.

12. This Settlement shall be binding upon and inure to the benefit of the parties' successors and assigns.

13. Mr. Krasner agrees to submit to the jurisdiction of this Court or any Federal or State court sitting in the Southern District of New York with respect to the making, interpretation and/or enforcement of his obligations under this Settlement.

14. This Settlement embodies and represents the full agreement of the Chapter 11 Trustee, the Debtors and their respective subsidiaries and affiliates, including, without limitation, Corp. Limited, the Swiss Bankruptcy Office and Mr. Krasner relating to the matters addressed herein, supersedes any and all prior agreements and understandings, if any, whether oral or written, relating to the matters addressed herein between or among any of the parties hereto, and shall not be modified unless in a writing signed by all the parties hereto. This Settlement shall be binding upon the parties hereto and their respective successors and assigns.

15. As soon as practicable following the execution of this Settlement by the Chapter 11 Trustee and Mr. Krasner, the Chapter 11 Trustee shall submit this Settlement to the Bankruptcy Court for approval and thereafter to the Swiss Bankruptcy Office.

Dated: New York, New York
     March 2, 1999

                                        AIOC RESOURCES AG, and
                                        AIOC CORPORATION

/s/ Edward G. Moran
Edward G. Moran
As Chapter 11 Trustee
101 Park Avenue
Suite 2503
New York, New York 10178

Dated: London, England
      February 28, 1999

                                        /s/      Alexander Krasner
                                        Alexander Krasner
                                        98 Winnington Road
                                        London  N20 TU
                                        England


IT IS SO ORDERED
March *3*, 1999


***/s/ Tina L. Brozman***
United States Bankruptcy Judge



NY2:#4250028v10